68 F.3d 460
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley MOUNTS, Widow of Arvid Mounts, Petitioner,
v.
Gilbert Creek MINING; Office of Workers' Compensation
Program, Respondents.
WEST VIRGINIA COAL WORKERS' PNEUMOCONIOSIS FUND,
INCORPORATED, Intervenor.
 No. 94-2281.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 4, 1995.
Decided: October 18, 1995.
 
 S.F. Raymond Smith, Rundle & Rundle, Pineville, WV, for Petitioner. Darrell V. McGraw, Jr., Attorney General, Elizabeth A. Morgan, Assistant Attorney General, Charleston, WV, for Intervenor.
 Before HALL and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shirley Mounts, the widow of Arvid Mounts, a deceased coal miner, seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of her application for black lung survivor's benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). Survivor's benefits were available to Mounts in this case if she could prove that pneumoconiosis caused or contributed to her husband's death. See 20 C.F.R. Sec. 718.205(c) (1994).
 
 
 2
 There is no dispute in this case that pneumoconiosis did not directly cause Mr. Mounts's death. He died of cardiopulmonary arrest, which was caused by a host of cardiovascular problems, and diabetes. The record, however, contains a report submitted by Dr. Bellam stating his opinion that pneumoconiosis complicated the miner's other illnesses and contributed to his heart failure, and therefore indirectly contributed to his death. If credited, Dr. Bellam's opinion could be sufficient to establish Mrs. Mounts's entitlement to benefits. See Shuff v. Cedar Coal Co., 967 F.2d 977, 979 (4th Cir.1992).
 
 
 3
 We find, however, that the ALJ properly rejected Dr. Bellam's opinion on the ground that he offered no explanation for his finding of causation. See Brazzalle v. Director, Office of Workers' Compensation Programs, 803 F.2d 934, 936 (8th Cir.1986). His discussion of the causation question is contained within a single sentence which baldly states his conclusion, but provides no underlying documentation or reasoning to support it. Moreover, because the record contains no other evidence affirmatively linking pneumoconiosis to the miner's death, either directly or indirectly, we find that substantial evidence supports the ALJ's decision to deny benefits. Although we find no merit to Mounts's remaining contentions, we note that the absence in the record of any remaining evidence tending to carry her burden renders her remaining arguments moot.
 
 
 4
 We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED